IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISON

CYNTHIA MUZZEY,                              :        Civil Action No.

      Plaintiff,                            :

      vs.                                   :

GREAT SENECA FINANCIAL CORP.,                :
and UNIFUND,
                                             :
      Defendants.

## COMPLAINT

Plaintiff, Cynthia Muzzey, by her attorney Ray Johnson, for her claims against the

Defendants states:

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendants'

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and

Iowa Unlawful Debt Collection Practices Act, Iowa Code § 537.7103, et seq. ("State Act"),

which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURSIDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

Venue in this District is proper in that the Defendants transact business here and the conduct

complained of occurred here.

III. PARTIES

3.   Plaintiff, Cynthia Muzzey, is a resident of Davenport, Iowa.

4.   Defendants, Great Seneca Financial Corporation ("Great Seneca") and Unifund, are debt collectors engaged in the business of collecting debts in the state of Iowa.

5.   Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

IV. FACTUAL ALLEGATIONS

6.   Great Seneca was attempting to collect an alleged debt from Muzzey.

7.   Great Seneca filed a meritless small claims lawsuit against Muzzey in 2004.

8.   Muzzey won the small claims suit in December, 2004 and judgment was entered in her favor and against Great Seneca.  After Great Seneca lost the small claims case, it sold the alleged debt it knew Muzzey did not owe to another debt collector.  Unifund purchased, or ultimately purchased the alleged debt.  Muzzey had no knowledge of this assignment sale and could not reasonably have known of or discovered the transfer(s).

9.   In November, 2007, Muzzey received a collection letter from Unifund.  The letter provided the federally mandated "g" notice allowing Muzzey to dispute the debt and demand verification.  Unifund's letter falsely stated it would provide such verification for a timely dispute.

10.   On or about December 4, 2007, Muzzey sent a timely written dispute of the alleged debt, provided a copy of the court judgment in her favor, and demanded verification.

11.   Unifund failed to provide verification of the debt, yet continued collection efforts, including active reporting of the alleged debt to credit reporting agencies.  The credit reports were false.  Unifund also failed to report the alleged debt as disputed.

12.  In May of 2008, Unifund sent yet another collection letter to Muzzy without providing verification of the alleged debt.

13.  On June 10 of 2008, National Financial Systems sent Muzzey a letter indicating it had purchased the alleged debt.  Apparently, Unifund sold and assigned the alleged debt knowing Muzzey did not owe it.

## V. FIRST CLAIM FOR RELIEF

14.  All facts and allegations of this Complaint are incorporated herein by reference.

15.  Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

   a.   Defendants violated 15 U.S.C. § 1692e(2)(A) by making a false representation of the character, amount, or legal status of the alleged debt.

   b.   Defendants violated 15 U.S.C. § 1692e(8) by communicating to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

   c.   Defendant Unifund violated 15 U.S.C. § 1692e by continuing to engage in debt collection without providing verification of the alleged debt.

   d.   Defendant Unifund violated 15 U.S.C. § 1692f by using an unfair means to collect a debt.

16.  As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for her actual and statutory damages, costs, and attorney's fees.

## VI. SECOND CLAIM OF RELIEF

17.  All facts and allegations of this Complaint are incorporated herein by reference.

18.   Muzzey's alleged obligations were "debts" as defined by Iowa Code § 537.7102(3).

19.   With regard to attempts to collect from Muzzey as alleged herein, Great Seneca and Unifund were "debt collectors" engaged in "debt collection" as defined by Iowa Code §§ 537.7102(4) and (5).

20.   Defendants violated the State Act.  The foregoing acts, omissions and practices of Defendants were violations of Iowa Code § 537.7103, including but not limited to:

   a.   Defendants violated Iowa Code § 537.7103(4)(e) by misrepresenting the character of the debt and or its status in a legal proceeding.

   b.   Defendants violated Iowa Code § 537.7103(1)(f) by taking actions prohibited by Iowa Code chapter 537 or any other law.

21.   As a proximate result of the unfair debt collection, the Defendants are liable to Plaintiff for her actual damages, statutory damages, costs, and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for the following:

   A.   Actual and statutory damages pursuant to 15 U.S.C. § 1692k.

   B.   Actual and statutory damages pursuant to Iowa Code § 537.5201(1).

   C.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Iowa Code § 537.5201(8).

   D.   For such other relief as the Court deems appropriate in the circumstances.

                    Respectfully submitted.


                    RAY JOHNSON

4

AT0004019
Johnson Law Firm
950 Office Park Rd.
Suite 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com